IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CONNIE LEE STAFFORD, )
)
        Plaintiff, )
)
v. ) 1:04CV0330
)
CHASE MANHATTAN BANK USA, N.A. )
)
        Defendant. )
_____ )

MEMORANDUM OPINION

TILLEY, Chief Judge

    This suit arises from a dispute between Plaintiff Connie Lee Stafford and Defendant Chase Manhattan Bank USA, N.A. ("Chase") regarding Ms. Stafford's use of a credit card issued by Chase. The case is currently before the Court on Chase's Motion to Dismiss or Vacate Arbitration Award [Doc. #6] and Plaintiff's Motion to Vacate[1] [Doc. #10]. For the reasons set forth below, this Court does not have subject matter jurisdiction to resolve this matter and the action will be dismissed.

I.

    The facts in the light most favorable to the Plaintiff are as follows. Ms. Stafford was issued a Chase credit card. After issuing the credit card to Ms.

---

[1] This motion appears to be the equivalent of a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

Stafford, Chase also mailed her a Card Member Agreement. This agreement contained an arbitration clause that allowed either Chase or Ms. Stafford to elect binding arbitration to resolve any dispute that may arise. However, the Agreement provides an exception to allow an opposing party to choose to litigate a claim in the court system if (1) the only remedy being sought by either of parties is monetary damages; (2) neither party will seek a recovery in excess of $25,000, excluding interest, costs and fees; and (3) the only parties to the litigation would be Chase and Stafford. Except for this limited exception, if either party elected to pursue arbitration, the agreement forced the other party to forfeit its right to litigate that claim in court.[2]

A dispute arose relating to money that was owed by Ms. Stafford to Chase as a result of this credit card, and Ms. Stafford submitted the dispute to arbitration. On December 22, 2003, an arbitration award was issued by Century Arbitration Associates, Inc., demanding that Chase pay Ms. Stafford $3,400. On April 19, 2004, Ms. Stafford acting pro se filed a Complaint[3] with this Court seeking to confirm the arbitration award pursuant to the Federal Arbitration Act. Ms. Stafford failed to serve a copy of the Complaint or to issue a summons upon Chase.

On June 3, 2004, Ms. Stafford filed an amendment [Doc. #5] to her original

---

[2]Although it appears this exception would apply to this dispute, because this Court lacks subject matter jurisdiction it is not necessary to consider the issue.

[3]Ms. Stafford titled her filing a "petition/motion to confirm/enforce arbitration award" [Doc. #1].

Complaint. In the amendment, Ms. Stafford asked for the Court's assistance if she made mistakes in procedure and for the Court to construe her filings liberally because she was pursuing her case pro se. Ms. Stafford also recognized that she failed to state a federal question in her original filing. She attempted to rectify this problem by arguing that the arbitration clause of the card member agreement was unconscionable. Finally, she also recognized her error in failing to serve a copy of her Complaint upon Chase.

A letter from John Brubaker, the Clerk of the Middle District of North Carolina, was sent to Ms. Stafford on July 9, 2004, informing her that she needed to issue a summons upon Chase in this case. The letter included proper summonses for Ms. Stafford to complete and return to the Clerk's office. Despite this letter, there is no evidence that Ms. Stafford ever served a summons upon Chase.

On June 10, 2004, Chase filed the motion to dismiss or vacate the arbitration award [Doc. #6] that is currently before the Court. Chase argues that Ms. Stafford's Complaint should be dismissed because there is no valid arbitration award, or, in the alternative, Ms. Stafford's "award" should be vacated because there was no arbitration. Although Ms. Stafford failed to file a response to Chase's motion to dismiss, she filed her own motion on June 28, 2004, seeking to dismiss her lawsuit for "mistake and newly discovered evidence." Ms. Stafford claims that she has discovered new evidence that her arbitration award is "null and void or at

3

the least un-confirmable and un-enforceable." (Pl.'s Mot. to Vacate at 1.) On July 13, 2004, Defendant Chase filed its response in opposition to Ms. Stafford's motion to vacate. Chase noted that Plaintiff Stafford's motion was the equivalent to a motion for voluntary dismissal pursuant to Rule 41(a) and that granting Ms. Stafford's motion would leave her free to refile her claim in this Court at a later date.

II.

Although neither motion currently before the Court argues that this Court lacks subject matter jurisdiction to decide the lawsuit, it is an issue that this Court has an obligation to examine sua sponte. Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1274 (4th Cir. 1985). Federal courts are courts of limited jurisdiction; they can hear only cases authorized by the Constitution or by statute. See U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1330-1368 (2004). Unless the case involves specialized issues such as admiralty and patents, a federal district court typically will have jurisdiction only if the requirements of 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship) are satisfied. In another case seeking to enforce a different arbitration award against another credit card company that was also brought by Plaintiff Stafford, subject matter jurisdiction was found to be lacking. See Stafford v. Discover Bank, 350 F. Supp. 2d 695 (M.D.N.C. 2004). Similarly, the controversy in this case fails to qualify under the

4

limited jurisdiction of the federal district courts.

A.

Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (West Supp. 2003). The Supreme Court has explained that "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

While state courts and federal courts have concurrent jurisdiction to resolve claims under the Federal Arbitration Act ("FAA"), the FAA does not provide an independent basis for federal question jurisdiction in federal court. Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991) ("Although it is an anomaly for a statute that creates federal substantive rights not to form the basis for federal question jurisdiction, subject matter jurisdiction for an FAA claim in federal court must rest on some basis independent of the FAA.") Therefore, to establish federal jurisdiction Ms. Stafford must demonstrate that if there was no arbitration agreement, a federal court would have jurisdiction of the subject matter of the

5

underlying controversy between the parties.

Ms. Stafford recognized in her Amended Complaint that she failed to assert a federal question in her original Complaint. She then attempted to raise a federal question by arguing that the underlying controversy is whether the arbitration clause of the Card Member Agreement was unconscionable when it pre-selected the arbitration forum for any dispute initiated by a card member.[4] Whether a contract is unconscionable or not is a matter of state law. Therefore, the underlying controversy between Ms. Stafford and Chase was a matter of state contract law and failed to raise a federal question.

B.

Title 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties that reside in different states. In this case, Ms. Stafford seeks to confirm an arbitration award of $3,400. Because the amount in controversy is less than $75,000, diversity of citizenship cannot be the basis for this Court's subject matter jurisdiction.

---

[4]Although it is not entirely clear how the enforceability of the arbitration clause could be the underlying dispute of the arbitration award that Ms. Stafford is seeking to confirm, this is the only basis for federal question jurisdiction that is advanced in Ms. Stafford's pleadings.

6

III.

Accordingly, this Court lacks subject matter jurisdiction to hear this controversy, and the case will be dismissed.

This the day of June 3, 2005

                                                 /s/ N. Carlton Tilley, Jr.
                                                 United States District Judge